**J. FINE LAW GROUP, P.C.**
BY:   JASON E. FINE, ESQUIRE
Attorney ID#: 82452
1628 JFK BLVD, SUITE 2120
Philadelphia, PA 19103
(267) 888-2960
jason@jfinelaw.com

Attorneys for Plaintiff,
EBONY OUTLAW

| | |
|---|---|
| EBONY OUTLAW<br>135 N. Yewdall Street<br>Philadelphia, PA 19139<br><br>vs.<br><br>TARGET<br>400 Monument Road<br>Philadelphia, PA 19131<br>and<br>TARGET CORPORATION<br>100 Nicollet Mall<br>Minneapolis, MN 55403<br>and<br>TARGET STORE<br>100 Nicollet Mall<br>Minneapolis, MN 55403 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL LAW DIVISION<br><br>TERM, 2024<br><br>No.<br><br>MAJOR JURY<br>ASSESSMENT OF DAMAGES<br>HEARING REQUESTED |

## NOTICE TO DEFEND
## 2s – PREMISE LIABILITY–SLIP & FALL

You have been sued in court. If you wish to defend against the Claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing it in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without further notice for any money claimed in the complaint of for any other claim or relief by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF OYU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET NO
LEGAL HELP

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral And Information Service
1101 Market Street, 11th Floor
Philadelphia, PA 19107

Le han damamdado a usted en la corta. Sl usted quiere defenderse de estas demandas expuestas en las paginas las sigulenter, ested teina veinte (20) dias de plazo al partir de la fecha de la demanda y las notification. Hace faita asentar una comparencia escitta o an parsona o cun un abogado y entregar a la corte en forma escrita sus defenses o sus objecioues a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la cortra suya sin previo aviso o notification. Ademas, la corte puede decider a favor del demandante y require que usted cumpla con todas las provisones de esta demanda. Usted puede prderdinero o sus propiedades u otros derachos importentod para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENT. SI NO TIENE ABOGADO O SI

TIENE EL DINERO SUFICIENE DE PAGART TAL SERVICO VAYA EN PERSONA O LLAME POR TELEFONE A LA OFICINO CUYA DIRECCION ENCUENTRA ESCRITA ABAJO PARA AVERIGUA DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.
ASOCIACION DE LICENCIADOS DE FILAELFIA

Case ID: 240200225

Servicio De Referencia E Information Legal
1101 Market Street, 11th Floor
Filadelfia, Pennsylvania 19107

Case ID: 240200225

## PREMISE LIABILITY
## CIVIL ACTION COMPLAINT

1. Plaintiff, EBONY OUTLAW, is an adult individual residing at the above referenced address.

2. Defendant, TARGET, is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at the above captioned.

3. Defendant, TARGET Corporation, is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at the above captioned.

4. Defendant, TARGET Stores, is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at the above captioned.

5. Venue is appropriate in Philadelphia County, as Defendant, TARGET regularly conducts business in Philadelphia County at and has multiple store locations in Philadelphia County.

6. Venue is appropriate in Philadelphia County pursuant to Pennsylvania Rule of Civil Procedure 2179 and/or Pennsylvania Rule of Civil Procedure 1006(f)(1).

7. Defendant, TARGET, is also subject to the general personal jurisdiction of Philadelphia County, as its activities in said county are continuous and substantial pursuant to 42 Pa.C.S.A. 5301.

8. Defendant, TARGET CORPORATION, is also subject to the general personal jurisdiction of Philadelphia County, as its activities in said county are continuous and substantial pursuant to 42 Pa.C.S.A. 5301.

9. Defendant, TARGET STORE, is also subject to the general personal jurisdiction of Philadelphia County, as its activities in said county are continuous and substantial pursuant to 42 Pa.C.S.A. 5301.

10. At all times relevant and material to this complaint Defendant, TARGET, and/or its agencies, and the employees, agents, servants, managers and/or representatives of said defendant and/or its agencies, were the agents, servants, workmen, employees and/or representatives of each other and were acting within the course and scope of said employment and/or agency, and/or were acting for a common purpose or a joint venture.

11. At all times relevant and material to this complaint Defendant, TARGET, and/or its agencies, and the employees, agents, servants, managers and/or representatives of said defendant and/or its agencies, were the agents, servants, workmen, employees and/or representatives of each other and were acting within the course and scope of said employment and/or agency, and/or were acting for a common purpose or a joint venture.

12. At all times relevant and material to this complaint Defendant, TARGET CORPORATION, and/or its agencies, and the employees, agents, servants, managers and/or representatives of said defendant and/or its agencies, were the agents, servants, workmen, employees and/or representatives of each other and were acting within the course and scope of said employment and/or agency, and/or were acting for a common purpose or a joint venture.

13. At all times relevant and material to this complaint Defendant, TARGET STORE, and/or its agencies, and the employees, agents, servants, managers and/or representatives of said defendant and/or its agencies, were the agents, servants, workmen, employees and/or

representatives of each other and were acting within the course and scope of said employment and/or agency, and/or were acting for a common purpose or a joint venture.

14. At all times material and relevant to this complaint, said defendants, individually, jointly and severally, owned, individually, jointly operated, leased, managed, controlled and/or had dominion over the premises known as Target located at 400 Monument Road, Philadelphia, Philadelphia, PA 19131.

15. At all times material and relevant to this complaint, said defendants did act through its agents, employees, owners, representative, agents and/or employees while in the course and scope of their employment and/or agency.

16. On or about June 10, 2022, close to 3:30 p.m., Plaintiff, EBONY OUTLAW, was lawfully upon the Defendant's premises, when walking in the beauty section of the above mentioned Target Store when she was caused to slip and fall due to a wet substance on the floor causing hereto suffer serious, painful, permanent and grievous injuries.

17. At all times relevant hereto defendant owed a duty to maintain, correct, inspect and otherwise be responsible for the aforesaid premises, to provide a safe and hazard-free environment and otherwise be responsible for the care, custody and/or control of the real property so that same would be safe for use by invitees, independent contractors, guests, licensees and/or members of the public, including Plaintiff, EBONY OUTLAW

18. Defendants knew and/or should have known of the said dangerous conditions, and therefore defective conditions, and the likelihood that same would cause injuries to invitees, guests, independent contractors, licensees and/or members of the public lawfully on the aforesaid premises in the absence of adequate safety measures.

19. At all times material hereto, the area upon which Plaintiff, EBONY OUTLAW, was walking on or about defendant's premises and under their exclusive care, custody and

control.

20. The circumstances under which Plaintiff, EBONY OUTLAW was injured was such that said injuries could not have occurred on said premises except by defendants' negligence.

21. The aforesaid accident resulted solely from the negligence and carelessness of defendant and in no manner whatsoever to any act or failure to act on the part of Plaintiff, EBONY OUTLAW

## COUNT I
## EBONY OUTLAW v. TARGET
## NEGLIGENCE

22. Plaintiff, EBONY OUTLAW, hereby incorporates paragraphs one to twenty-one (1-21) as if same were set forth at length herein.

23. The aforesaid accident was caused by the negligence and carelessness of Defendant, acting as aforesaid, which negligence and/or carelessness consisted, inter alia, of the following:

(a) Failing to properly clear the liquid that laid on the shopping floor inside said store within a reasonable time after it was left there;

(b) Allowing a wet substance to exist on the property for an unreasonable amount of time;

(c) Failing to properly, completely and thoroughly inspect the property;

(d) Failing to promptly and carefully post warning signs, cones, and/or post notices to warn individuals of the dangerous condition;

(e) Failing to perform a reasonable inspection and/or implement a policy of inspection;

(f) Failing to establish a policy of cleaning or maintaining the floor;

(g) Otherwise acting in a manner that was negligent and careless at law;

(h)  Violating applicable ordinances and property maintenance codes for the Commonwealth of Pennsylvania governing the maintenance of property; and

(i)  Such other acts of negligence and carelessness as may be adduced through discovery or revealed at the time of trial.

24.  As the direct and proximate result of Defendant's negligence, Plaintiff sustained severe and multiple injuries, both internal and external, to and about his body, and extremities and/or the aggravation of pre-existing conditions thereto, if any, with injury to his bones, joints, nerves and nervous system, including, but not her spine, muscle spasms, internal injuries of an unknown nature, severe aches, pains, mental anxiety and anguish, severe shock to her entire nervous system, exacerbation of all known and unknown pre-existing medical conditions, if any, and other injuries that will represent a permanent and substantial impairment of Plaintiff's bodily functioning that substantially impairs Plaintiff's ability to perform her daily life activities, and the full extent of which is not yet known.

25.  As a further result of the said accident, Plaintiff has suffered severe pain, mental anguish, humiliation, and embarrassment, and he will continue to suffer same for an indefinite period of time in the future

26.  As a further result of the said accident, Plaintiff has and will probably in the future, be obliged to receive and undergo medical attention, which was or will be reasonable and necessary arising from the aforesaid accident and will otherwise incur various expenditures for the injuries she has suffered.

27.  As a further result of the said accident, Plaintiff has incurred medical expenses that were reasonable, necessary, and causally related to the aforesaid accident as a result of the injuries she sustained in this accident.

28.  As a further result of the said accident, Plaintiff has been unable to attend to her daily chores, duties, and occupations, and she will be unable to do so for an indefinite time in the

future, all to her great financial detriment and loss.

29. As a further result of the said accident, Plaintiff has and will suffer severe loss of her earnings and/or impairment of her earning capacity.

WHEREFORE, Plaintiff, EBONY OUTLAW, demands judgment in her favor and against Defendant TAGRET, individually, jointly and severally for compensatory damages in excess of fifty-thousand dollars ($50,000.00) together with interest and costs of suit.

## COUNT II
## EBONY OUTLAW v. TARGET CORPORATION
## NEGLIGENCE

30. Plaintiff, EBONY OUTLAW, hereby incorporates paragraphs one to twenty-nine (1-29) as if same were set forth at length herein.

31. The aforesaid accident was caused by the negligence and carelessness of Defendant, acting as aforesaid, which negligence and/or carelessness consisted, inter alia, of the following:

(a) Failing to properly clear the liquid that laid on the shopping floor inside said store within a reasonable time after it was left there;

(b) Allowing a wet substance to exist on the property for an unreasonable amount of time;

(c) Failing to properly, completely and thoroughly inspect the property;

(d) Failing to promptly and carefully post warning signs, cones, and/or post notices to warn individuals of the dangerous condition;

(e) Failing to perform a reasonable inspection and/or implement a policy of inspection;

Case ID: 240200225

(f)     Failing to establish a policy of cleaning or maintaining the floor;

(g)     Otherwise acting in a manner that was negligent and careless at law;

(h)     Violating applicable ordinances and property maintenance codes for the Commonwealth of Pennsylvania governing the maintenance of property; and

(i)     Such other acts of negligence and carelessness as may be adduced through discovery or revealed at the time of trial.

32.     As the direct and proximate result of Defendant's negligence, Plaintiff sustained severe and multiple injuries, both internal and external, to and about his body, and extremities and/or the aggravation of pre-existing conditions thereto, if any, with injury to his bones, joints, nerves and nervous system, including, but not her spine, muscle spasms, internal injuries of an unknown nature, severe aches, pains, mental anxiety and anguish, severe shock to her entire nervous system, exacerbation of all known and unknown pre-existing medical conditions, if any, and other injuries that will represent a permanent and substantial impairment of Plaintiff's bodily functioning that substantially impairs Plaintiff's ability to perform her daily life activities, and the full extent of which is not yet known.

33.     As a further result of the said accident, Plaintiff has suffered severe pain, mental anguish, humiliation, and embarrassment, and he will continue to suffer same for an indefinite period of time in the future.

34.     As a further result of the said accident, Plaintiff has and will probably in the future, be obliged to receive and undergo medical attention, which was or will be reasonable and necessary arising from the aforesaid accident and will otherwise incur various expenditures for the injuries she has suffered.

35. As a further result of the said accident, Plaintiff has incurred medical expenses that were reasonable, necessary, and causally related to the aforesaid accident as a result of the injuries she sustained in this accident.

36. As a further result of the said accident, Plaintiff has been unable to attend to her daily chores, duties, and occupations, and she will be unable to do so for an indefinite time in the future, all to her great financial detriment and loss.

37. As a further result of the said accident, Plaintiff has and will suffer severe loss of her earnings and/or impairment of her earning capacity.

WHEREFORE, Plaintiff, EBONY OUTLAW, demands judgment in her favor and against Defendant TAGRET, individually, jointly and severally for compensatory damages in excess of fifty-thousand dollars ($50,000.00) together with interest and costs of suit.

### COUNT III
### EBONY OUTLAW v. TARGET STORE
### NEGLIGENCE

38. Plaintiff, EBONY OUTLAW, hereby incorporates paragraphs one to thirty-seven (1-37) as if same were set forth at length herein.

39. The aforesaid accident was caused by the negligence and carelessness of Defendant, acting as aforesaid, which negligence and/or carelessness consisted, inter alia, of the following:

(a) Failing to properly clear the liquid that laid on the shopping floor inside said store within a reasonable time after it was left there;

(b) Allowing a wet substance to exist on the property for an unreasonable amount of time;

(c) Failing to properly, completely and thoroughly inspect the property;

(d) Failing to promptly and carefully post warning signs, cones, and/or post notices to warn

Case ID: 240200225

individuals of the dangerous condition;

(e) Failing to perform a reasonable inspection and/or implement a policy of inspection;

(f) Failing to establish a policy of cleaning or maintaining the floor;

(g) Otherwise acting in a manner that was negligent and careless at law;

(h) Violating applicable ordinances and property maintenance codes for the Commonwealth of Pennsylvania governing the maintenance of property; and

(i) Such other acts of negligence and carelessness as may be adduced through discovery or revealed at the time of trial.

40. As the direct and proximate result of Defendant's negligence, Plaintiff sustained severe and multiple injuries, both internal and external, to and about his body, and extremities and/or the aggravation of pre-existing conditions thereto, if any, with injury to his bones, joints, nerves and nervous system, including, but not her spine, muscle spasms, internal injuries of an unknown nature, severe aches, pains, mental anxiety and anguish, severe shock to her entire nervous system, exacerbation of all known and unknown pre-existing medical conditions, if any, and other injuries that will represent a permanent and substantial impairment of Plaintiff's bodily functioning that substantially impairs Plaintiff's ability to perform her daily life activities, and the full extent of which is not yet known.

41. As a further result of the said accident, Plaintiff has suffered severe pain, mental anguish, humiliation, and embarrassment, and he will continue to suffer same for an indefinite period of time in the future.

42. As a further result of the said accident, Plaintiff has and will probably in the future, be obliged to receive and undergo medical attention, which was or will be reasonable and necessary arising from the aforesaid accident and will otherwise incur various expenditures for

the injuries she has suffered.

43. As a further result of the said accident, Plaintiff has incurred medical expense that were reasonable, necessary, and causally related to the aforesaid accident as a result of the injuries she sustained in this accident.

44. As a further result of the said accident, Plaintiff has been unable to attend to her daily chores, duties, and occupations, and she will be unable to do so for an indefinite time in the future, all to her great financial detriment and loss.

45. As a further result of the said accident, Plaintiff has and will suffer severe loss of her earnings and/or impairment of her earning capacity.

WHEREFORE, Plaintiff, EBONY OUTLAW, demands judgment in her favor and against Defendant TAGRET, individually, jointly and severally for compensatory damages in excess of fifty-thousand dollars ($50,000.00) together with interest and costs of suit.

J. FINE LAW GROUP, P.C.

BY: _____
JASON E. FINE, ESQUIRE
Attorney for Plaintiff,
EBONY OUTLAW

## VERIFICATION

I, EBONY OUTLAW, having read the attached Complaint, verifies that the within pleadings are based on information furnished to counsel, and which information has been gathered by counsel in the course of investigating this claim. The language of the Complaint is that of counsel and not of mine. I verify that I have read the within Complaint and that it is true and correct to the best of my knowledge, information and belief. To the extent that the contents of the pleading are that of counsel, I have relied upon counsel in taking this Verification. This Verification is made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

_____
Client's Name